1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MARCUS MARCELL MCCOWEN,                  CASE NO. 1:09-cv-00664-LJO-SMS-YNP (PC)

10                          Plaintiff,

11          v.                               FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION,
                                             WITH PREJUDICE, FOR FAILURE TO STATE
12   KEN CLARK, et al.,                      A CLAIM

13                          Defendants.      (Doc. 1)

14                                           OBJECTIONS DUE WITHIN 30 DAYS
                                       /
15

16          **Findings and Recommendations Following Screening of Complaint**

17          Plaintiff Marcus Marcell McCowen ("Plaintiff") is a state prisoner proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of

19   the California Department of Corrections and Rehabilitation and was incarcerated at the California

20   Substance Abuse Treatment Facility and State Prison in Corcoran, California (CSATF/SP) at the

21   time the events in his complaint took place.  Plaintiff is suing under section 1983 for the violation

22   of his rights under the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution.  Plaintiff

23   names Ken Clark (warden), S. Sherman (chief deputy warden), L. Polk (associate warden), J.

24   Cronjager (facility captain), D. Fisher (correctional counselor II), J. Barba (correctional counselor

25   I), and N. Grannis (chief inmate appeals branch) as defendants.  For the reasons set forth below, the

26   Court finds that Plaintiff fails to state any cognizable claims under section 1983 and the deficiencies

27   in Plaintiff's complaint cannot be cured by amendment.  The Court recommends that this action be

28   dismissed with prejudice for failure to state a claim.

1

1  I.   **Screening Requirement**

2       The Court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

10      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

12 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

13 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

14 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

16 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

17 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

18 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

19 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

20 II.   **Background**

21      Plaintiff sought approval for a "Temporary Community Leave" so that he could attend his

22 mother's funeral service on July 22, 2008. (Compl. ¶ 1.) Defendant Barba submitted Plaintiff's

23 request for "Temporary Community Leave" on July 17, 2008. (Compl. ¶ 1.) Plaintiff's request was

24 denied by Defendants. (Compl. ¶ 2.) Plaintiff's complaints about the denial are unclear. Plaintiff

25 alleges that the reasons for the denial were (1) "custody level MEDA due to an arson administrative

26 determinate"; and (2) Plaintiff's extensive criminal history. (Compl. ¶ 3.) Plaintiff contends that

27 Plaintiff's commitment offense (arson) and Plaintiff's possession of a firearm in 2008 do not fall

28 within the scope of the criteria for denial according to California regulations. (Compl. ¶ 4.)

1   Plaintiff also alleges that Defendants based their denial on a determination that a "potential

2   felony hold for . . . corporal injury on a spouse was placed on [Plaintiff] by Claremont P.D."

3   (Compl. ¶ 5.)  Plaintiff's allegations regarding the "potential felony hold" are also unclear.  Plaintiff

4   contends that this determination was based on "incomplete research and information" because "a

5   misdemeanor warrant for . . . corporal injury spouse was not placed on [Plaintiff] until 8-13-08

6   which approximately was 27 days after denial of request for temporary community leave". (Compl.

7   ¶ 5.)  Plaintiff also contends that the grounds for denial based on the misdemeanor warrant does not

8   meet guidelines according to California regulations.  (Compl. ¶ 6.)  Plaintiff claims that his rights

9   under the Sixth, Eighth, and Fourteenth Amendments were violated.  (Compl. ¶ 5.)

10  **III.   Discussion**

11      **A.      Sixth Amendment Claims**

12      Plaintiff claims that his rights under the Sixth Amendment were violated.   The Sixth

13  Amendment guarantees the right to a trial by jury and other procedural rights in the context of a

14  criminal trial. Nothing in Plaintiff's complaint concerns Plaintiff's rights in a criminal trial.  Plaintiff

15  fails to state a cognizable claim for violation of his Sixth Amendment rights.

16      **B.      Eighth Amendment Claims**

17      Plaintiff claims that his rights under the Eighth Amendment were violated when he was

18  denied "Temporary Community Leave" to attend his mother's funeral.  The Eighth Amendment

19  prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic

20  concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97,

21  102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968).   A prison official

22  violates the Eighth Amendment only when two requirements are met: (1) the objective requirement

23  that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting

24  Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official

25  has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298).  The objective

26  requirement that the deprivation be "sufficiently serious" is met where the prison official's act or

27  omission results in the denial of "the minimal civilized measure of life's necessities".  Id. (quoting

28  Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official

has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The denial of Plaintiff's request for "Temporary Community Leave" does not rise to the level of an Eighth Amendment violation. Failure to provide Plaintiff with leave to attend his mother's funeral outside the prison does not amount to the denial of the minimal civilized measure of life's necessities. Nor does Plaintiff's allegations demonstrate that Defendants acted with deliberate indifference. Plaintiff does not allege that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety by denying "Temporary Community Leave". Plaintiff fails to state a cognizable claim for violation of the Eighth Amendment.

### C.    Fourteenth Amendment Claims

Plaintiff claims that Defendants deprived him of due process when they denied his request for "Temporary Community Leave" to attend his mother's funeral service outside the prison. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff does not have a protected liberty interest in "Temporary Community Leave". Denial of Plaintiff's request to attend his mother's funeral outside the prison is not an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff fails to state a cognizable claim for denial of due process.

**IV.     Conclusion and Recommendation**

Plaintiff's complaint does not state any cognizable claims under section 1983.  Plaintiff's claims arise from the denial of his request for "Temporary Community Leave" to attend his mother's funeral outside of the prison.  Plaintiff has no protected liberty interest in "Temporary Community Leave" and the denial of Plaintiff's request does not amount to the denial of the civilized measure of life's necessities.  Because the Court finds that these deficiencies are not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     August 10, 2009**                                        **/s/ Sandra M. Snyder**
                                                                           UNITED STATES MAGISTRATE JUDGE